UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X

NOT FOR PUBLICATION

RYAN BACCHUS,

           Plaintiff,

- against -

THE STATE OF NEW YORK,

           Defendant.
———————————————————————X

MEMORANDUM
AND ORDER
13-CV-6847 (PKC)(JO)

PAMELA K. CHEN, United States District Judge:

On December 2, 2013, Ryan Bacchus, appearing *pro se*, filed the instant action seeking to have this court dismiss his criminal proceeding, *The People of New York v. Ryan Bacchus,* Case Numbers 4406462788, 4413542658, 134147535-9, filed in the Criminal Court of the City of New York. By order dated January 7, 2014, the Court dismissed the complaint but, in the event plaintiff endeavored to allege a false arrest claim again based on his underlying criminal proceeding, afforded him thirty days to amend. Plaintiff submitted a response on January 31, 2014, but failed to cure the pleading defects. For the reasons set forth below, the action is dismissed with prejudice.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege

civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting a *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (*per curiam*).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**DISCUSSION**

In its previous order, the Court afforded plaintiff thirty days to submit an amended complaint, and instructed plaintiff that in order to comply with Fed. R. Civ. P. 8, he "must provide facts giving rise to plaintiff's federal claims against the defendant(s) and provide a basis for this Court's subject matter jurisdiction. Plaintiff must name as defendant(s), the individual(s) allegedly involved in the violation of his constitutional rights." Instead, plaintiff submitted a

"Notice of Removal" captioned for his state court criminal proceeding which mentions 42 U.S.C. § 1983, but provides no facts or any proper defendants to a purported federal civil rights action. As best the Court can tell, plaintiff disagrees with the charges against him. Plaintiff should raise his defenses in his criminal action; he has not alleged a violation of a constitutional right against a state actor as is needed to state a claim under 42 U.S.C. § 1983. In short, plaintiff has not complied with the pleading requirements. The action fails to state a claim on which relief may be granted and is dismissed for this reason and the reasons set forth in the Court's previous order.

To the extent that plaintiff challenges the State's authority to prosecute him and seeks to have this Court enjoin the state criminal matter, this Court must abstain. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971) (standing for the proposition that, in general, federal courts should refrain from enjoining or otherwise interfering in ongoing state proceedings); *Shelley v. Gulotta*, No. 09 CV 4883, 2010 WL 309011, at *1-2 (E.D.N.Y. Jan. 26, 2010) (applying *Younger* abstention because "there is an ongoing state criminal prosecution against Plaintiff" "that state proceeding implicates New York State's important interest in enforcing its own criminal law," and "Plaintiff will have adequate opportunity for judicial review of his federal constitutional claims in state court").

Similarly, even if plaintiff had complied with the requirements for removal, *see* 28 U.S.C. § 1446, the Court would remand this action to state court because "removal of a criminal case is appropriate only where 'defendant is charged with exactly that conduct which a federal law [providing for racial equality] explicitly makes legal.'" *Negron*, 2002 WL 1268001, at *1 (quoting *New York v. Foster*, No. 86 Civ. 7126, 1987 WL 5356, at *2 (S.D.N.Y. Jan.7, 1987)). Here, Bacchus has not identified any specific New York statute or constitutional provision that has been applied to him that commands the state courts to ignore a federal law providing for the

equal civil rights of citizens.

Notwithstanding its liberal reading of the pleadings, the Court finds no indication that any valid claim might be stated.

## CONCLUSION

Accordingly, the Court abstains from intervening in plaintiff's ongoing State criminal matter and the action is dismissed with prejudice for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Given that the plaintiff has had the opportunity to amend and that gravamen of his complaint cannot be resolved by this Court, his complaint is dismissed with prejudice. The Clerk of the Court is respectfully directed to close this case. The Court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                                                         _____
                                                                                         Pamela K. Chen
                                                                                         United States District Judge

Dated: Brooklyn, New York
       February 13, 2014